John S. Lockman, J.
This is a case in which there are no reported decisions to guide the court or, for that matter, the defendant who was operating a business in which it is necessary to procure a license, and who must be guided by the language of the statute. The portion of the statute (Penal Law, § 349) that the People contend is violated reads as follows: “ There shall be no interior billiard room not having a principal door or entrance and such door and all other doors entering such room shall have therein a section of clear glass sufficient to afford a clear view of such billiard room from the outside.” (Emphasis added.)
In other portions of the section the Legislature forbids billiard rooms without windows. So, the key word in the portion that the defendant is charged under is the term “ interior.”
The Legislature must have had some reason for using the word “interior.” It would have been simple enough to say, “ There shall be no billiard room not having a principal door with a section of clear glass.
The obvious intent of the word “interior” was that where there is a billiard parlor that has an interior room, a room off the outside rooms (the rooms facing the street) such a room must have sufficient windows that anybody passing by could see what was going on in that room.
The room in question here is not an interior room, but an exterior room because it is off the street.
■Section 835 of the Penal Law which deals with poolrooms in villages is of assistance in indicating legislative.intent. There the Legislature states that there shall not be “ any obstruction *887 which prevents a full view of the entire room by every person present therein”.
Since the door in question did not prevent a clear view and anyone in the poolroom and all activities in the poolroom could be observed, the legislative intent was complied with. The motion to dismiss is granted.